**BROUSSARD et al. v. INDEMNITY INS. CO. OF NORTH AMERICA. (No. 1580.)**

Court of Civil Appeals of Texas. Beaumont. Oct. 28, 1927.

Rehearing Denied Nov. 9, 1927.

1. **Appeal and error** ⬅️544(1)—**Court of Civil Appeals cannot review dismissal of action as abuse of discretion without statement of facts.**

Where plaintiff in error filed no motion for new trial and no statement of facts was before the Court of Civil Appeals, appellate court could not review error in dismissing action for want of prosecution on ground that dismissal was flagrant abuse of discretion.

2. **Appeal and error** ⬅️973—**Dismissal and nonsuit** ⬅️60(1)—**Dismissal of pending cause for want of prosecution is within trial court's discretion which can be reversed for abuse.**

Inherently, trial court has power to dismiss pending cause·for want of prosecution, and such order can be reviewed and reversed where discretion has been abused.

3. **Appeal and error** ⬅️553(1)—**Facts on dismissal of petition may be preserved by motion for new trial in term time, or independent suit to set aside dismissal filed after adjournment.**

Where petition was dismissed for want of prosecution, plaintiffs could preserve facts by motion for new trial filed in term time, or by independent suit to set aside verdict of dismissal filed after adjournment.

Error from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Petition by Milana Broussard and others against the Indemnity Insurance Company of North America. The action was dismissed, and plaintiffs bring error. Affirmed.

A. W. Dycus, of Port Arthur, for plaintiffs in error.

Morris & Barnes, of Beaumont, for defendant in error.

WALKER, J. [1-3] The plaintiffs filed their original petition in the district court on the 28th day of June, 1926. The defendants answered July 1, 1926. On the 23d day of November, 1926, the court dismissed the case for want of prosecution. The plaintiffs in error filed no motion for new trial, but after adjournment of court appealed from the order of dismissal by writ of error. No statement of facts is before us. Hence we have nothing by which we can review plaintiffs in error's nine propositions that the dismissal was a "flagrant abuse of discretion." Inherently, a trial court has the power to dismiss a pending cause for want of prosecution. Such an order can be reviewed and reversed where the discretion vested in the court has been abused, but without a statement of facts the court's discretion cannot be brought into review. Plaintiffs in error could have preserved the facts by a motion for new trial filed in term time, or by an independent suit to set aside the verdict of dismissal filed after adjournment, but neither of these methods was followed.

The judgment of the trial court is affirmed.